## Littlefield v. Dearden et al. No. 1

*Victor J. Roberts* of *High, Dettra & Swartz,* for plaintiff.

*Smillie & Bean,* for defendants.

DANNEHOWER, J., June 20, 1942. — This matter comes before the court on an affidavit of defense raising questions of law to a statement of claim in assumpsit against defendant executors and trustees under the

will of Carrie Blabon, deceased, as distributees, to recover damages for default in the performance of decedent's written contract to pay a yearly income for and during the term of plaintiff's natural life.

The facts as averred in plaintiff's statement of claim and as admitted for the purpose of argument, by the affidavit of defense raising questions of law, may be briefly stated as follows:

On May 4, 1925, plaintiff and Carrie Blabon, now deceased, entered into an agreement in writing in which decedent agreed for a stated valuable consideration "to transfer to the Girard Trust Company, as trustee under an indenture of trust in the form annexed to this agreement and marked exhibit B, legal securities sufficient to pay to the party of the second part [plaintiff] the sum of $2,000 per annum, payable semi-annually, for and during the term of his natural life; any excess income during the continuance of the trust, and the principal upon the termination of the trust, to be paid to the party of the first part, or, in the event of her death, her legal representatives."

Attached to the agreement was a copy of the executed deed of trust, bearing even date with the agreement, whereby $51,000 par value of certain securities were transferred by decedent to the Girard Trust Company, trustee, to collect the income therefrom and to "distribute the same as follows, that is to say, $2,000 per annum in equal semi-annual payments to Paul Littlefield of Philadelphia, for and during the term of his natural life . . . and to pay over the balance of the income therefrom unto the settlor if living, or unto the executor or administrator of her estate after her death". (Copies of the agreement and of the deed of trust, which includes in schedule A thereto annexed a list of the securities, are exhibits A and B respectively of plaintiff's statement of claim.)

Carrie Blabon, the settlor of the trust, died on November 13, 1928, her will was duly probated in Mont-

gomery County, and the residuary estate of decedent was awarded and distributed to Edward C. Dearden and Madeleine Blabon Morell, as trustees under decedent's will, by an adjudication and decree of the Orphans' Court of Montgomery County, on December 29, 1929, and by an order approving a schedule of distribution filed thereunder on April 30, 1930.

The income from the trust established by decedent in accordance with the agreement was sufficient to pay $2,000 per year to plaintiff up until January 1, 1936, eight years after the settlor's death. In 1936 and in each year subsequent thereto there were small deficiencies in income, the total of such deficiencies as of September 15, 1941, being $255.25, for which sum this suit was brought.

Plaintiff has brought this action in assumpsit to compel the executors and trustees, as distributees, to pay deficiencies in income amounting to $255.25 under decedent's written contract. Twelve years have elapsed since the audit of the account and the award of the balance of the estate to the trustees under the will, and plaintiff presented no claim as a creditor of decedent at the audit of the account of the executors.

Defendants have filed an affidavit of defense, alleging that the statement of claim is not sufficient in law for reasons summarized as follows: (1) The agreement between plaintiff and decedent contained no provision for personal liability on the part of decedent or her executors or trustees in the event that the income from the securities lodged with the trustee under the deed of trust should in any year be less than $2,000; (2) decedent fulfilled all of her obligations under the agreement when she executed the deed of trust and transferred to the trustee the securities listed therein; and (3) the failure of plaintiff to present his alleged claim at the audit of the account of the executors of the estate of decedent is a bar to this action.

Therefore, the affidavit of defense raises essentially two questions:

1. Did not decedent fulfill all her obligations under her agreement with plaintiff when she executed the deed of trust and transferred to the trustee the securities listed thereon?

2. Is not this action barred by reason of plaintiff's failure to present his alleged claim at the audit of the account of the executors of the estate of the decedent in 1929?

The first branch of defendants' twofold attack upon the sufficiency of plaintiff's statement of claim is based entirely upon a question of construction of the terms of the contract and ascertaining the true intention of the parties therefrom.

Plaintiff contends that the promise "to transfer legal securities sufficient to pay to the party of the second part the sum of $2,000 per annum, semi-annually for and during the term of his natural life", is a continuing obligation for the duration of plaintiff's life, in accordance with its terms, and was binding upon the personal representatives of decedent after her death. Defendants, however, insist that the original transfer of securities to the trustee constitutes complete performance.

We are convinced that the real intention of the parties to the contract, gathered from a careful reading of it, and also the deed of trust to which plaintiff was not a party, but only the beneficiary, was that the obligation was a continuing one for the lifetime of the beneficiary and that the original transfer of securities to the trustee did not constitute complete performance. Not a word contained either in the pleadings or in the contract shows that plaintiff ever agreed that the securities transferred would be sufficient to provide a $2,000 income for life; nor is plaintiff estopped from making claim because he did not object to the suffi-

ciency of the securities at the time of the original transfer.

The clear and plain obligation of the contract is "to transfer legal securities sufficient to pay the sum of $2,000 for and during the term of his natural life"; not only to provide such income at the time the securities were transferred to the trustee, but a continuing obligation for and during the lifetime of the beneficiary.

Moreover, under decided cases, the continuing nature of such an obligation is clear as a matter of law. The general rule is that, to the extent of the assets that come into their hands, the personal representatives of a decedent are responsible for all his contracts, whether they are named therein or not, and whether the breach occurs in the lifetime of the decedent or afterward: Huffman v. Huffman, 311 Pa. 123; Fullmer's Estate, 319 Pa. 360.

However, defendant's principal contention is that this claim is barred because plaintiff failed to present it at the audit of the account of the executors in 1929, in accordance with section 49 (d) of the Fiduciaries Act of June 7, 1917, P. L. 447, 20 PS §864, which provides that "No creditor of a decedent who shall neglect or refuse to present his claim at the audit of the account of the executor or administrator . . . shall be entitled to receive any share of the assets distributed . . ."

Plaintiff contends that at the time of the audit in 1929 he could not have asserted any liability, because he was receiving his $2,000 each year and continued to receive it until 1936; that his claim was contingent both as to its existence and amount; and that the only remedy of such a contingent claimant is by a common-law action against the distributees of the estate, when the liability arises and is determined.

At the time of the audit, plaintiff could not have asserted any claim because he was receiving his in-

come and the securities were more than sufficient for that purpose. There was no liability in existence at that time, nor even a predictable future existence of liability.

We believe that this set of facts is ruled by Geiger's Estate, 19 D. & C. 427, which decides that a claim against a decedent's estate, contingent as to both existence and amount, need not be presented and may not be allowed at the audit of the estate.

While the cases of Walbridge's Estate, 314 Pa. 250, and Hart v. Burke et al., 108 F. (2d) 82, would appear to hold to the contrary, yet in both those cases the only contingency was as to the amount of the claim, and there was no contingency as to liability.

Furthermore, the holder of such a contingent claim is not a creditor of the estate, within the meaning of section 49 (d) of the Fiduciaries Act of 1917, which refers only to creditors of a decedent: Chicago Title & Trust Co. v. Corporation of Fine Arts Bldg., 288 Ill. 142, 123 N. E. 300, 305.

Therefore, the failure of plaintiff to present a claim at the audit, at a time when no liability had occurred and no claim had come into existence, does not bar the present action in assumpsit against the distributees of the estate.

And now, June 20, 1942, for the foregoing reasons, the questions of law raised by the affidavit of defense are decided in favor of plaintiff, and defendant may within 15 days of notice of this decree file an affidavit of defense to the merits. An exception is allowed.